WAUPACA COUNTY, Respondent, vs. THE TOWN OF MATTE-
SON, Appellant.

*February 3 — February 24, 1891.*

TOWN, *liability to county for repairing bridge.* TOWN CLERK, *duty of.*
MANDAMUS.

When, upon the refusal of a town to repair a bridge therein, an appeal is taken to the county board, and that board causes such bridge to be repaired or rebuilt, allows the account therefor, and the amount is charged to the town, and added to the next county tax apportioned thereto, in pursuance of the provisions of sec. 1338, R. S., it is made the express duty of the town clerk (sec. 1079, R. S.) to enter the same in the tax roll; and if he refuses to do so, the proper remedy is by *mandamus* to compel him to perform that duty.  The county cannot maintain an action against the town to recover the amount, as upon an implied *assumpsit.*

APPEAL from the Circuit Court for *Waupaca* County.

The case is sufficiently stated in the opinion. From an order overruling its demurrer to the complaint the town appeals.

For the appellant there was a brief by *Reed, Grace & Rock*, and oral argument by *Myron Reed*.

For the respondent there was a brief by *Cate, Jones & Sanborn*, and oral argument by *D. Lloyd Jones*. To the point that *mandamus* was not the proper remedy in this case, because that lies only where there is a clear legal right, and no other remedy to enforce it, while here the right is disputed, they cited *Moody v. Fleming*, 48 Am. Dec. 210; *People v. Olds*, 58 id. 398; *Asylum v. Bank*, 10 id. 112; *Justices v. Melendy*, 21 id. 604; *Arberry v. Beavers*, 55 id. 791; *Loomis v. Rogers*, 53 Mich. 135; 5 Wait's Pr. 569; High, Ex. Legal Rem. 27.

ORTON, J. This is an appeal from an order overruling the demurrer to the complaint. The case is, in short, as follows: The town is in the county, and in the town there was a bridge across the Embaras river, impassable and unfit for use. The county requested the town to repair it, and the town refused. Thereupon an appeal was duly taken to the county board, according to sec. 1338, R. S. The county board caused the bridge to be rebuilt, at an expense of $737, which was audited and allowed, and added to the next county tax apportioned to said town by the county clerk, and said clerk directed the clerk of the town to insert the same in the tax roll for collection, and the clerk of the town refused to do so. The statement of the claim was filed with the town clerk, and duly presented to the town meeting, and by a vote thereof was disallowed. Judgment is demanded against the town for said $737 and interest.

This general statement of the complaint is sufficient to show that this is not the proper action or remedy. The de-

murrer ought to have been sustained on this ground. The theory of the complaint is that the provisions of the above section have been strictly complied with, so as to make it the duty of the duty of the town clerk to insert this demand in the tax roll of the town for collection like other taxes, according to sec. 1079, R. S., and he has refused so to do. According to these facts, it was the clear and unquestionable duty of the town clerk to have done so; and it is claimed that his refusal to do so has given the county a, right of action of implied *assumpsit* against the town to recover the demand.

The action cannot be maintained. The true, and it would seem the only, remedy in such a case is by *mandamus* against the town clerk, to compel him to do his official duty, and insert the claim in the tax roll of the town for collection. The town has no fund with which to pay a judgment against it in such a case, and cannot have until it has been raised by taxation in this very way. The town cannot possibly pay this claim, and of course is not liable to an action for not doing what is impossible. If a judgment could be rendered against the town, the county would be no nearer the end than now; for the town clerk must insert the judgment in the tax roll for collection, and he might refuse as he has done here. Both duties are alike, and in the same section. What, then, would be the remedy? Could the town again be sued in an action on the judgment? This method might be repeated, and without end. *Mandamus* against the town clerk to compel him to discharge this clear legal duty is the only adequate remedy in either case. This is too plain for argument. The end can never be reached by actions against the town. The town is not liable in any action for the neglect or refusal of its clerk to perform such an official duty. *Little v. Madison*, 49 Wis. 605. This is a well-established principle of law. The town clerk has to place all the various kinds of taxes in the tax roll.

His refusal to do so might occasion a multiplicity of such actions against the town, and without any practical result. *Mandamus* against the town clerk to compel him to put a judgment in the tax roll is the proper remedy. *State ex rel. Bushnell v. Gates*, 22 Wis. 210. It is the proper remedy to compel the officers to take the proper steps to have such claims collected as other taxes. *State ex rel. Van Vliet v. Wilson*, 17 Wis. 687; *School Dist. No. 2 v. School Dist. No. 1*, 3 Wis. 333. This case comes within the very office of the writ of *mandamus* to enforce a specific legal right, or to compel the performance of a positive legal duty, when there is no other specific legal remedy. *State ex rel. Lord v. Washington Co.* 2 Pin. 552. It is useless to cite other authorities in a case where, as we have seen, there is no other remedy. The statute clearly points out the remedy by *mandamus*. The clerk of the town must insert the claim in the tax roll, or must be compelled to do so. See other cases cited in appellant's brief. The other grounds of the demurrer need not be considered. The demurrer should have been sustained.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with direction to sustain the demurrer, and to dismiss the complaint.