STATE ex rel. ISAAC M. THOMAS v. O. HALDEN and Another.

February 2, 1899.

Nos. 11,441—(250).

### Tax Sale—Assignment by State—Laws 1897, c. 290.

The right of the state, conferred upon it by G. S. 1894, § 1601, to sell and convey lands acquired by it at delinquent tax sales, was not suspended or taken away by Laws 1897, c. 290.

### Same—Redemption by Landowner.

The privilege of redeeming lands delinquent for taxes, granted all persons having an interest therein upon compliance with the provisions of section 3 of said chapter, terminated in all cases where, and at the time, assignments were made.

Appeal by relator from an order of the district court for St. Louis county, Cant, J., discharging an alternative writ of mandamus. Affirmed.

*S. T. & William Harrison*, for appellant.

*William B. Phelps*, for respondents.

COLLINS, J.

Appeal from an order directing the entry of judgment dismissing an alternative writ, theretofore issued and served, in mandamus proceedings against the auditor and treasurer of St. Louis county. Counsel agree upon the issue, and state it as follows:

"Did the property owners in the counties affected by Laws 1897, c. 290, have the absolute right to redeem their property from taxes delinquent on and prior to the first Monday in January, 1897, at any time on or before June 1, 1898, without paying penalties, interest or costs, or did they only have this right in case no assignment was made to a purchaser before the money was tendered for redemption?"

We quite agree with the court below, which held that the right to redeem was limited to cases where there had been no assignments by the state of its rights under the provisions of the general tax laws. G. S. 1894, § 1601. No other construction of the law can be had.

Stated concisely, its title was an act to "enforce" the payment of taxes, and to extend the time for payment of delinquent taxes, in counties where the amount of such taxes exceeds 30 mills on the dollar of the assessed valuation. There is nothing in this title to indicate the legislative intent to except lands answering this description from the operation of section 1601. Nor is there a word in the body of the law indicating such a purpose. Indeed, the title and the text of the act indicate a purpose to "enforce" payment— First, by way of an inducement to the owner of the property; and, second, by means of a sale to any person who chose to buy, which sale was to be final. A list of lands subject to this sale was to be made out by the auditor of each county affected at the time of making the list of delinquent taxes for the year of 1898, and appended thereto; and it was expressly provided that this appended list should be a list of all taxes upon real estate in the county which appear to have become delinquent in or prior to 1897, and which have not been satisfied by payment, redemption or sale of the real estate to actual purchasers, and should also be a list of all taxes upon any real estate which may have been at any tax sale struck off to, or declared to be forfeited to, the state,

"And which have not been assigned or conveyed by the state, * * * and as to which no valid assignment has been made."

Of course, the query is, to what time do the words above quoted refer? and to this there is but one answer which will not do violence to the words used and lead to an absurdity. This language can only be construed as referring to and meaning the time when the list of lands delinquent is to be made out; that is, on or before January 20, 1898. See G. S. 1894, § 1579, which fixes the last day upon which the auditor may file his list of taxes delinquent for the preceding year with the clerk of the court.

The land here in question had been assigned by the state after the passage of the law, and prior to June 1, 1898, the last day on which the relator, as owner, could redeem, under section 3. It could not go on to the list, because of the prior assignment to a private party. It was not "subject to be included" in the list, and for that reason was not within the provisions of section 3. The ab-

75 M.—33

surdity of construing the words used as meaning either the day on which the act was passed, or the day when the commissioners passed the resolution mentioned in section 1, is apparent, when we observe that with such a construction the power of the state to assign its rights, and to receive its dues, under the general law, or all or a part thereof, under the 1897 law, is absolutely suspended from August 1, 1897, at least, until the sale in May, 1899; and this under a law which purports to have been enacted that the payment of taxes might be enforced. As counsel for relator urge, the act was a measure of relief, but it was not enacted primarily and wholly for the relief of the delinquent taxpayer.

Order affirmed.