STATE ex rel. ELIZABETH AMY and Another v. EDMNUD W. BAZILLE.[1]

November 15, 1900.

Nos. 12,238—(86).

### Minor—Appointment of Guardian—Notice—Appeal.

The probate court may, under the laws of Minnesota, appoint guardians for minor children under fourteen years of age without notice. In such case relatives of the minor who had no notice of or opportunity to be present at the hearing have no right of appeal, under the provisions of G. S. 1894, § 4667.

Alternative writ of mandamus issued from the district court for Ramsey county to compel defendant, as judge of the probate court for said county, to approve a bond and to make return of certain papers on an appeal taken by relators. From an order, Otis, J., quashing the petition of relators and discharging the alternative writ, relators appealed. Affirmed.

*Edwin S. Slater*, for relators.

*Stevens, O'Brien, Cole & Albrecht*, for respondent.

LEWIS, J.

On February 19, 1900, upon the petition of Marguerite H. Bowman, the probate court of Ramsey county appointed the petitioner as guardian of Ida May Bowman, a minor under fourteen years of age. The petition was filed on February 16, 1900. The guardian appointed was a sister of the minor's father. Within thirty days thereafter, appellants, who are sisters of the child's mother, served and filed a bond and notice of appeal from the order to the district court of Ramsey county. They also served and filed an affidavit, stating that the guardian was appointed without any notice; that they had no knowledge of the petition or proceeding until after the appointment was made. The affidavit also states that the appellants are parties aggrieved by the appointment. The probate court refused to make a return of the proper papers on appeal, and an alternative writ of mandamus was issued out of the district court,

[1] Reported in 84 N. W. 120.

requiring the judge of probate to make such return or to show cause. At the hearing before the district court the writ was discharged, the petition quashed, and the petitioners appealed to this court.

In this state the probate court may nominate and appoint guardians of minors under fourteen years of age, and such appointment may also be made on the petition of a relative or other person on behalf of the minor. G. S. 1894, §§ 4535, 4536. It may be conceded that the relatives of young children have a deep interest in their welfare, and are proper parties to be heard on the application for appointment of their guardians. The natural solicitude of relatives would seem to demand that an opportunity be given, by reasonable notice, for all such parties to be present, and take part in the hearing. But the statute is silent upon the subject, and therefore no notice is required. Such appointment may be summary, or upon such notice as the court deems it proper to give.

In this case the court made the appointment without notice, and the appellants, for that reason, had no opportunity to take part in the hearing. But the right of appeal is statutory, and G. S. 1894, § 4667, does not apply. Therefore, conceding that the appellants were interested in the welfare of the child, and in that sense were aggrieved parties, yet they were not entitled to an appeal from the order. They did not appear and move for or oppose the order, and, not being entitled to notice under the statute, they have no right of appeal upon the ground that there was not due notice or opportunity to be heard.

Order affirmed.