HENRY W. LEE v. CITY OF THIEF RIVER FALLS.[1]

December 21, 1900.

Nos. 12,287—(131).

### Mandamus to Collect Judgment—Legality of Incorporation.

In mandamus proceedings to compel the city of Thief River Falls to pay a judgment recovered against the village under provisions of Laws 1897, c. 81, *held*, that the legality of such reincorporation cannot be tested by mandamus, and that the petition was properly dismissed, it appearing that the judgment was recovered against the village after it ceased to exist.

Petition in the district court for Red Lake county for a writ of mandamus to compel defendant to pay the sum of $124.37, being the balance of a judgment recovered against the village of Thief River Falls. From an order denying the peremptory writ and dismissing the petition, plaintiff appealed. Affirmed.

*Henry W. Lee,* appellant, per se.

*Francis Hibner,* for respondent.

LEWIS, J.

Mandamus proceedings to compel the defendant to pay a judgment obtained by plaintiff against the village of Thief River Falls. The petition alleges that a judgment was recovered against the village on January 12, 1897, but it does not appear from the petition when the city, which succeeded the village, became incorporated. Defendant's answer alleged that the village ceased to exist on November 4, 1896, more than one month prior to the commencement of the action which terminated in the judgment. For reply, plaintiff alleged that the proceedings taken to incorporate the city were void. At the hearing in the court below the

[1] Reported in 84 N. W. 654.

court denied the peremptory writ, and dismissed the petition, from which order plaintiff appealed.

Plaintiff, in attempting to collect this judgment from the city, claims to be so authorized by the provisions of Laws 1897, c. 81, which makes cities incorporated under Laws 1895, c. 8, liable for the prior debts of the village. Conceding that plaintiff could enforce the payment of the judgment against the city by mandamus if the requisite facts were stated and existed, the pleadings in this case are fatally defective in the following respect: The allegation in the answer that the village was merged into the city November 4, 1896, is only denied by putting in issue the legality of such proceedings. Inasmuch as it appeared from the pleadings that the judgment was recovered against the village after the village went out of existence, the city could not be called upon to pay such a judgment. The question of the legal effect of the incorporation proceedings cannot be tested by mandamus. There is an adequate remedy at law to test the question whether plaintiff held a valid debt against the village. The petition was properly dismissed.

Order affirmed.