STATE ex rel. BOARD OF COUNTY COMMISSIONERS OF POLK COUNTY v. W. C. L. DEMANN and Others.[1]

May 31, 1901.

Nos. 12,574—(49).

### Division of County—Apportioning Debt.

Where a municipal corporation is divided, statutory provisions for apportioning the indebtedness of the old and new districts involve questions purely of legislative policy, and, if not in violation of any constitutional right, are in all respects final.

### Laws 1893, c. 143.

Under the provisions of Laws 1893, c. 143, providing for the division of counties and the organization of new ones, the liability for the county buildings is to be exclusively assumed by the parent county; the value of the same, to be ascertained under statutory provisions provided therefor, is to be deducted from the indebtedness apportioned between the counties so divided.

### Bonded and Floating Debt.

Upon the division of the county in such cases the bonded and floating indebtedness of the old county (excluding the value of the county build-

1 Reported in 86 N. W. 352.

ings) is to be apportioned upon the assessed valuation of the property in the two municipalities, whereupon it becomes the duty of the commissioners of the new county to provide by levy and taxation the necessary funds to pay its proportion of the same as it becomes due.

**Mandamus.**

Upon a failure of the new county to take proper steps to comply with statutory requirements to provide for its proper share of the indebtedness of both counties existing at the time of division, the parent county may compel its officers to do so by mandamus proceedings.

Petition by relators, as county commissioners of Polk county, for a writ of mandamus to compel the respondents, as county commissioners of Red Lake county, to provide for the payment of Red Lake county's proportion of the bonded indebtedness of the parent county of Polk, incurred before the division of the counties. From an order, Watts, J., dismissing the proceedings, relators appealed. Reversed and remanded.

*W. E. Rowe,* County Attorney for Polk County, and *Martin O'Brien,* for appellants.

*F. A. Grady,* County Attorney for Red Lake county, and *Chas. E. Boughton,* for respondents.

LOVELY, J.

The relators, the board of county commissioners of Polk county, appeal from an order of the district court dismissing their petition for a mandamus against the board of county commissioners of Red Lake county to compel the levy of a tax providing for the payment of an ascertained share of the bonded and floating indebtedness of Polk county existing at the time of the division of such counties, under the provisions of Laws 1893, c. 143 (G. S. 1894, § 621, et seq.). Respondents, the board of commissioners of Red Lake county, answered, denying the allegations of the petition generally, also setting forth that Polk county had funds to apply in payment of a portion of its bonds, with other averments presenting the issue passed upon by the trial court, who, after a full hearing, made findings of fact, the accuracy of which is not questioned, but holding upon the facts so found that relators were not entitled to the mandate of the court requiring action by the commissioners of Red Lake county in accordance with the prayer of

the petition. The trial court found the amount of the total bonded indebtedness of Polk county at the time of the division, also the amount of its floating indebtedness, the value of the county buildings, and that the difference, after deducting the value of such county buildings from the entire indebtedness of Polk county, was $11,245.62; that the county of Red Lake had made no provision whatever to meet such indebtedness; that the county of Polk was compelled to pay the interest which had accrued on the sum of $11,245.62, which sum amounted to $2,005.14; that Polk county had not paid any part of the same, except by the issuance of its bonds for the county buildings so excluded in the computation of the share due from Red Lake county,—and held, as a conclusion of law, that the proceedings must be dismissed. From the judgment of dismissal, relators appeal to this court.

In our view of the issues raised on this appeal, the subject is controlled entirely by statutory obligations imposed by Laws 1893, c. 143, providing for the division of old counties, and the reorganization of new counties set apart therefrom, with the consequent duties imposed upon the latter. It is provided in section 14 of such act that:

"When there is any bonded or other floating county indebtedness outstanding against any county out of which any such new county has been wholly or in part created, the same shall be paid by such old and new counties in proportion to their respective valuations (as shown by the last general assessment) of their portions of the property of the county or counties out of which such new county was created. Provided: That in case any such county, out of which any new county has been in whole or in part created, possesses county buildings erected by the county, the same shall be appraised and the present value thereof to the county in which such buildings are situated shall be ascertained as hereinafter provided, and such appraised value of said buildings shall be deducted from the amount of said bonded or floating indebtedness to be so apportioned, and the remainder of such indebtedness shall only be so apportioned between the several counties; and the amount of said remaining indebtedness (and which equals and represents the said appraised value of said county buildings) shall not be so apportioned among such several counties, but shall be wholly paid by the county which has and retains such county buildings. Such county buildings shall be appraised and their present value fixed

and determined by three wholly disinterested persons, who shall be appointed by the governor," etc.   G. S. 1894, § 634.

It should be stated, in passing, that it was also found by the trial court, and is not a matter of dispute, that the value of the county buildings had been appraised in the proper manner provided by this section.   It is also further provided in section 15 of the act of 1893 that

"The county commissioners of any such new county shall make provision for the payment of any such bonded or floating indebtedness by levy and taxation at the time fixed by law for so doing, and in the same manner as the county commissioners of the parent county or counties should have done," etc.   G. S. 1894, § 635.

In our opinion, there is little room for cavil in the interpretation of these statutory requirements.   An attempt was clearly made by the legislature to provide for an equitable adjustment of the indebtedness of the entire territory affected, according to the proportionate share of each of the counties, giving to the old district the county buildings, which, of course, would remain therein for its use, upon the assessed valuation of the taxable property of both counties, apportioning the amount of the remaining indebtedness according to the assessed valuation of each; and there is no doubt of its power to do so.   The absolute right of the legislature, in all cases not within any constitutional prohibition, to make such division and apportionment of the property and debts of the old corporation, in case of division, as may suit legislative policy or discretion, is the settled law in this state.   State v. City of Lake City, 25 Minn. 404; City of Winona v. School Dist., 40 Minn. 13, 41 N. W. 539; Rumsey v. Sauk Centre Town, 59 Minn. 316, 61 N. W. 330; Township of Canosia v. Township of Grand Lake, 80 Minn. 357, 83 N. W. 346.

The learned trial court was of the opinion, as appears by its memorandum, that the new county is liable, not to the old county, but to the holders of the indebtedness for its proper proportion of the same; also that, the county buildings not having been paid for by Polk county, it could not require Red Lake county to levy a tax to pay the principal or interest due from the latter until that

indebtedness had been first paid. The language of the statute seems quite clear, to the effect that the new county shall (excluding the value of the county buildings) make provision

"By levy and taxation  *  *  *  in the same manner as the county commissioners of the parent county  *  *  *  should have done."

It has neglected to do so, and Polk county has been compelled to pay the interest on that sum which should have been paid by Red Lake county. Respondents rely upon the rule laid down in case of Township of Canosia v. Township of Grand Lake, supra, to support the proposition that Polk county cannot maintain an action against Red Lake county upon the theory that the relators stood to the respondent as principal to surety, and its right to an action for the failure of the respondent to pay its proportionate share of the original indebtedness of the parent county depended upon its obligation for contribution; but the practical situation which distinguishes this case from that is clearly pointed out in the opinion of the court (COLLINS, J.), for this is a demand upon refusal of the new municipality to perform the duty required under the clearly-expressed terms of the statute, which is conclusive and final in such a matter.

Again, in this case, applying the analogy of principal and surety adopted in Township of Canosia v. Township of Grand Lake, a portion of the indebtedness which the statute required the new county to provide for has been paid, and the right of the principal (Polk county), even if the statutes in the two cases were alike, would authorize an action by such principal for contribution; but beyond this the subject is not permitted to remain in doubt, for by the express terms of the statute the new county must act in obedience to the requirements providing for the manner of collecting its proportionate share of the taxes of the parent county. The statute directs the levy. It is a duty imposed on respondents' officers, which should have been performed by them, but for their negligence the county, in its corporate capacity, should not be punished; nor does any liability attach to pay the money in any other way than that pointed out. The law does not contemplate the satisfaction in any other manner than by an assessment upon

the taxable property of the county, hence the failure to do so authorized the mandate of the court to compel obedience to the law. Mandamus is the proper remedy. People v. Supervisors, 10 Wend. 363; 2 Desty, Taxn. 1083; Board of Commrs. v. Aspinwall, 24 How. 376.

With reference to the claim that the obligation of the parent county for the county buildings must also be paid, it is sufficient to say that such obligations were contractual between Polk county and its bondholders; that there can be no joint obligation on the part of the two counties for the county buildings. With such indebtedness Red Lake county has nothing to do. Its obligation is merely to pay its proportion of the indebtedness, excluding the value of such buildings. Of the further contention on the part of respondent that it is entitled to have applied a portion of the unpaid taxes and cash on hand of the parent county at the time of the division, it is sufficient to say that no such right is recognized in the statute providing for the division of counties, but is excluded by the fair and reasonable construction of the same.

The judgment of the district court is reversed, and the cause is remanded, with directions to the trial court to amend its conclusion of law, that the proper judgment may be entered therein.