STATE ex rel. A. M. NICOLIN v. HENRY SCHREINER and Another.[1]

May 20, 1902.

Nos. 13,051—(122).

## Application for Liquor License—Withdrawal of Bond.

The filing of a sufficient bond is a necessary part of the application for a liquor license, and where such bond, after its approval and the granting of the application by the city council, has been withdrawn, the municipal officers have no authority to issue the license.

Alternative writ of mandamus issued out of the district court for Scott county upon relation of A. M. Nicolin, requiring defendants, as mayor and city clerk of the city of Jordan, to issue to relator a license to sell intoxicating liquor. The case was tried before Cadwell, J., who found in favor of respondents, and directed that the writ be quashed. From an order denying a motion for a new trial, relator appealed. Affirmed.

*F. C. Irwin* and *W. C. Odell*, for appellant.

*F. J. Leonard* and *James McHale*, for respondents.

LEWIS, J.

June 29, 1901, relator made application to the city council of the city of Jordan for a liquor license for the period of one year from July 1, 1901. The application was presented to the council at its first regular meeting thereafter, held on July 1, 1901, at which the council accepted the application and fixed July 19 as the date for a hearing upon it, and ordered the usual notice to be given. July 3, as a part of such application, relator filed with the city clerk a bond in the penal sum of $2,000, duly executed by the National Surety Company of New York. At the time of filing the license application, relator paid to the city clerk the sum of $10, required by the statute, and on July 22 paid into the city treasury the further sum of $490, to make up the balance of the license fee. On this last-named date the council, at an adjourned meeting, considered and granted relator's application for a license, and ap-

[1] Reported in 90 N. W. 401.

proved the bond. On July 26, the relator requested and demanded the city clerk and mayor to issue and sign the license granted by the council, which they refused to do. This action was commenced by petition in mandamus to compel those officers to issue and sign the license.

From the findings it appears that on July 26, 1901, after relator had requested the mayor and city clerk to issue and sign the license, she called for and withdrew from the office of the city clerk the bond which had been previously filed with the license application as security and approved by the council. It also appears that the bond was thereafter retained by the relator, and that no other was ever filed in its place. Such was the condition of things at the time of the commencement of the present proceedings. The record does not disclose why the officers refused to issue and sign the license. It may have been for any of the following reasons suggested upon the argument by respondent's counsel: That the original application for the license did not correspond with the license which the council actually granted thereafter; that the full amount of the $500 license fee had not been paid into the treasury for the reason that the original $10 paid to the clerk had not been by him paid over into the treasury at the time the council granted the license; that the bond was in fact illegal because the surety was not authorized by its charter to enter into such a contract; or because relator withdrew the bond from the city clerk's office, and therefore was in no event entitled to the license.

We deem it unnecessary to consider the first and second objections. We assume, for the purpose of this case, that the bond was legal, and that its approval by the city council was conclusive. Whether or not the city officers would have the right to withhold their approval of the license for the reason that the bond was in fact illegal, although approved by the council, we do not decide. By law the bond is made a part of the application for a liquor license, and is just as necessary a part as the application itself, and if, before the license is finally issued, the applicant voluntarily withdraws it, he thereby, to that extent, invalidates the proceedings, and the resolution of the council granting the license, having

been based upon the approval of the bond, becomes ineffectual. Relator's act was equivalent to saying to the council, "I have changed my mind; I do not wish a license, and will withdraw my bond;" or "I will withdraw this bond and furnish another in its place." In either case, until the bond was duly filed, the city authorities would be liable for a breach of duty if they issued a license. Relator is simply bound by her own voluntary act, and for this reason the writ was properly quashed.

Order affirmed.