STATE 'ex rel. BARBER ASPHALT PAVING COMPANY v. JOSEPH J.' McCARDY.[1]

July 3, 1902.

Nos. 13,065—(179).

Street Paving Contract—Refusal to Audit Final Estimate.

A street paving contract entered into between a private corporation and the board of public works of the city of St. Paul contained a stipulation for fixed and liquidated damages for each day's delay in the completion of the contract within the specified period of time. There were delays, but they were not caused by any omission or act of the contractor. The work was completed to the satisfaction of the board, and was accepted by it, and an estimate made for final payment. The city comptroller refused to audit the estimate; claiming that a deduction should be made on account of the delay, and making such deduction himself. The common council, after a hearing, allowed the estimate as made by the board, and subsequently, by resolution, waived and released the contractor from all claims for deductions on account of the delay. The comptroller again refused to audit the estimate or demand. *Held*, in mandamus proceedings to compel him to audit and allow the same, chapter 4, § 40, of the city charter, which provides that "the common council shall not have power to ordain or authorize any compromise of any disputed demand arising out of contract, or any allowance therefor or therein, except as provided in the contract therefor," is not applicable to the facts in this case.

Alternative writ of mandamus issued out of the district court for Ramsey county to compel defendant, as comptroller of the city of St. Paul, to audit a certain resolution of the city council. The case was heard before Otis, J., who directed the issue of a peremptory writ. From an order denying a motion for a new trial defendant appealed. Affirmed.

*James E. Markham, Franklin H. Griggs* and *Thomas McDermott*, for appellant.

*How, Taylor & Mitchell*, for respondent.

COLLINS, J.

This was a mandamus proceeding to compel the defendant, as

[1] Reported in 91 N. W. 263.

city comptroller, to audit a resolution of the city council directing payment of certain sums alleged to be due to relator, as contractor, upon final estimates on certain paving contracts. The court below ordered judgment that a peremptory writ issue, and from an order denying a new trial the comptroller appealed.

The relator had entered into contracts with the board of public works of the city of St. Paul for the paving of certain streets; the work to be finished and completed, to the acceptance and satisfaction of the board, within a certain specified time. It was further stipulated that, for each and every day that the work agreed upon remained uncompleted and unfinished after the specified period of time mentioned, the contractors were to pay to the city a certain named sum, as fixed and liquidated damages, together with all engineering expenses and other expenses necessarily incurred by the city after the time limited had expired. It stands admitted upon the pleadings that the contracts were not finished within the time because of certain delays, and, further, that for none of these delays was the contractor in any way at fault. In other words, the failure to complete within the time was not caused by any omission or act of the contractor. It also stands admitted by the pleadings, as we construe them, that the work in each case was completed to the satisfaction and acceptance of the board of public works; that is, that the board accepted the work as satisfactory, notwithstanding the delay, evidently relying upon what is admitted,—that the contractor could not be held responsible therefor.

Thereafter the board allowed and audited, in accordance with the charter provisions, final estimates for the balances agreed upon to be due under the contracts. These estimates were forwarded to the comptroller for auditing and subsequent action by the city council, which council has the sole control of all financial matters of the city, and must allow all claims or bills; and the comptroller thereupon proceeded to deduct from each of the estimates an amount which he claimed to be due to the city on account of the clause in the contracts for fixed and liquidated damages. In what manner the comptroller ascertained the number of days for which deductions should be made, does not appear.

He then audited the estimates as reduced, and forwarded the same to the common council, accompanied by, and requesting the passage of, resolutions directing payment out of the assessment fund of the amounts due in accordance with his estimates. The contractor refused to accept these estimates, appeared before the council and, after a full hearing, this body allowed the amounts, as due and payable, estimated and fixed by the board of public works, and by resolution requested the comptroller to audit and submit estimates in accordance therewith. The comptroller failed and refused to comply with the terms of the resolution, the matter was again brought before the city council; and, after examination, all claims for deductions on account of the delay were by resolution waived and released, and the comptroller was so advised. His further refusal to comply with the resolution of the city council or to further audit the claims led to this proceeding.

Counsel for the city relies wholly upon a charter provision (chapter 4, § 40, of the charter) which is in the following language:

"The common council shall not have power to ordain or authorize any compromise of any disputed demand arising out of contract, or any allowance therefor or therein except as provided in the contract therefor."

Counsel's contention is that the city council attempted to make an allowance upon and to compromise a disputed demand arising out of contract, in direct violation of the charter. We cannot take this view of the provision in question, which is somewhat blind, for it would lead to the most absurd results. It was never intended by this language to compel contractors with the city, or the city itself, to submit every difference arising out of contract to the courts, or that, when a contract was not strictly performed or completed, the city council would be powerless to adjust the matter in any manner, and thus avoid useless litigation. It would be a most remarkable conclusion if we should hold that when a paving contract has been completed to the satisfaction of the board, and has been accepted, if it be asserted by some one that there is a dispute, whether meritorious or wholly without foundation, arising out of it, the contractor is compelled to resort to the

courts for an adjustment of his claims. The clause must be construed reasonably, and it does not mean that, because a contract has not been strictly complied with, a dispute has arisen, and that the controversy is of sufficient importance to invoke and require the application of this charter provision. To have it applicable, there must be a substantial dispute or controversy between the contractor on the one side and the proper board or representative of the city on the other,—a controversy or dispute between the contracting parties.

Had there been a dispute over some demand made by the contractor, between him and the board, growing out of the delay, this provision would be pertinent, in all probability. But there was none, and no ground for a dispute; and it was so conceded in the pleadings, and so found by the court. The mere fact that the contractor did not strictly comply with its contract in respect to the time would not, of itself, be sufficient to raise the dispute contemplated by the charter provision. We are satisfied that, on the facts as they stand admitted by the pleadings and are found by the court, it was not a case where this provision is pertinent or applicable. While not compelled to determine just what circumstances would render it in point, we are quite convinced that the comptroller has no power to inject a dispute into a claim or demand presented against the city, where there is none, and where it stands admitted that there is no substantial ground for one.

Order affirmed.