STATE ex rel. RAILROAD & WAREHOUSE COMMISSION v. MINNE-
APOLIS & ST. LOUIS RAILROAD COMPANY.[1]

August 1, 1902.

Nos. 13,034—(135).

Erection of Railway Station.

> Judgment of the district court in mandamus proceedings, requiring
> and compelling defendant railway company to erect and maintain a
> depot building in the incorporated village of Emmons (Laws 1901, c. 270),
> affirmed by a divided court, one member being disqualified from taking
> part.

Alternative writ of mandamus issued out of the district court for
Freeborn county, commanding defendant railway company to build
and maintain a station-house at the village of Emmons, as required
by an order of the railroad and warehouse commission. The case
was heard before Quinn, J., who found in favor of relator and
directed the issue of a peremptory writ. From a judgment entered
pursuant to the order, defendant appealed. Affirmed.

*Albert E. Clarke*, for appellant.

*W. B. Douglas*, Attorney General, *Lafayette French*, *John G.
Skinner* and *H. H. Dunn*, for respondent.

PER CURIAM.

This is the second attempt on the part of the citizens of the
village of Emmons, situated on defendant's line of road, to secure
a depot building for the accommodation of the people residing
there and in that vicinity.

Their first was in the year 1897, when they proceeded by peti-
tion to the railroad and warehouse commissioners, upon which a
hearing was had, and an order filed requiring the defendant com-
pany to build and maintain a depot within a prescribed time.
It refused to comply with this order, and the state, on the rela-
tion of the commissioners, sought to compel obedience by manda-
mus. On the trial the court below found against the company,
and from a judgment, subsequently entered, an appeal was taken

[1] Reported in 91 N. W. 465.

to this court, where the judgment was reversed, and a new trial granted. 76 Minn. 469, 79 N. W. 510, wherein the facts are stated. We assume that this proceeding was abandoned, because in 1901 another was instituted of the same character and for the same purpose. After a hearing the commissioners made a second order, requiring the building and maintenance of the station house or depot as prayed for, and, as before, the railway company refused to obey. Thereupon another mandamus proceeding was instituted in the district court. The present appeal is from a judgment therein entered, commanding the railroad company to build and maintain a station house or depot upon a certain described tract of land within the village, which became incorporated under the provisions of G. S. 1894, § 1200, just prior to the commencement of this action.

Associate Justice LOVELY, having been of counsel for the village in the former proceeding, was disqualified from sitting at the hearing of this appeal, and the cause was necessarily argued and submitted to the four remaining members of the court.

We assume that Laws 1901, c. 270, which in express terms requires railway companies to build and maintain depots or station houses in all villages through which their roads may pass, is in itself valid legislation, and not open to the objection that it is not within the legislative power to enact such a law. With this assumption no dispute has arisen over a construction of the act, to the effect that all incorporated villages within this state located on railway lines are prima facie entitled to depots. The commissioners have the power to order the erection and maintenance of depot buildings unless it is made to appear that such an order would be so unreasonable in its terms as to actually result in depriving the company proceeded against of its property without due process of law. The change made by the statute of 1901 simply affects or shifts the burden of proof, for prior to its enactment the burden was on the municipality to establish the reasonableness and necessity of a depot therein, while now a railway company appearing before the commissioners, or trying its case on appeal to the district court, bears the burden of showing that such a

requirement is not called for, and that the building and mainte-nance of a depot in the village is unnecessary and unreasonable.

But while agreeing as to this interpretation of the law, we fail to reach the same conclusion in respect to the facts. We do not question the correctness of the conclusion reached when consider-ing the former appeal. But two members of the court, Chief Justice START and Associate Justice BROWN, are of the opinion that from the evidence it appears that there has since been a substantial growth in the village,—a growth which makes an alto-gether different showing,—and that the company did not overcome the prima facie case arising by virtue of the statute, and therefore that the judgment appealed from should be affirmed. Associate Justices COLLINS and LEWIS are unable to agree to this. Their conclusion is that the testimony fails to show that there has been a real or substantial change in the village, its needs or necessities, that the situation is practically as it was when the former pro-ceeding was considered, and that the prima facie case made by the village has been wholly overcome by the defendant company.

With this difference of opinion, the judgment appealed from must be, and hereby is, affirmed.