STATE ex rel. CITY OF DULUTH v. DULUTH STREET RAILWAY
COMPANY.[1]

December 26, 1902.

Nos. 13,260—(144).

## Construction of Street-Railway Lines.

A village ordinance required a street railway company, in considera-
tion of the franchise thereby granted, to build lines of railway upon cer-
tain streets on or before a day certain, provided that such streets were
graded ·by the village sixty days prior thereto. *Held*, the proviso was
inserted for the benefit of the railway company, and it was not released
from its obligation by the mere fact that such streets were not graded
within the time stated. *Held*, further, that the village, or its successor,
was not guilty of laches in not requiring the construction of the lines
until nine years after the passage of the ordinance.

Appeal by defendant from a judgment of the district court for
St. Louis county, entered pursuant to the findings and order of
Dibell, J., directing the issue of a peremptory writ of mandamus
requiring defendant to construct a street-railway track on the
street formerly known· as Grand avenue in the village of West
Duluth, commencing at Sixteenth avenue west in the city of
Duluth, and running thence easterly and connecting at Fortieth
avenue west with the West Third street line of defendant's street
railway system. Affirmed.

*Greene & Wood*, for appellant.

*Oscar Mitchell*, for respondent.

LEWIS, J.

On July 13, 1891, the village of West Duluth, afterwards incor-
porated into the city of Duluth, the relator in this action, passed
an ordinance granting appellant the exclusive right and privilege
to construct and operate street railways in the streets of the
village of West Duluth, subject to certain terms, conditions, and
forfeitures in the ordinance contained. That part of the ordinance
bearing upon the question before us is as follows:

[1] Reported in 92 N. W. 516.

"Sec. 3. New lines and extensions. Forfeiture. The village council may at any time designate any line of railway in the said village as a line demanded by the public necessity and may also designate an extension of any line or lines then existing, and in case said company upon being notified of such designation, shall not within such reasonable time as shall be fixed by the village council, not less than six (6) months, construct and put in operation such line, then said company shall forfeit its said exclusive right and the village council may charter to any other company the exclusive right to construct and operate a street railway upon the streets or lines of extension so designated."

"Sec. 18. Streets, etc., on Which Lines Shall be Built. To be Completed When. The streets over which said line is to be built and the time within which the same is to be constructed as provided herein, are as follows: A line on Sutphin street to First street; thence on First street to Fourth street north; thence on Fourth street north to Central avenue; thence on Central avenue to Second street south; thence on Second street south to Seventh avenue west (also called Madison avenue); which said line shall be completed and in operation on or before the first day of October, A. D. 1891. A line on Grand avenue eastward from Fifth avenue west in said village to a point connecting said line with the street railway system of said company in the city of Duluth, which said last mentioned line shall be completed and in operation on or before the first day of July, 1892, so that cars over said Grand avenue line shall be running between said village of West Duluth and the city of Duluth aforesaid on or before said last mentioned date of July 1, 1892. Provided that the streets on which the same passes shall have been graded sixty (60) days prior thereto."

Appellant built the Sutphin street line as provided, but did not construct the Grand avenue line, and on September 3, 1901, the common council of relator city passed a resolution ordering and requiring appellant to extend its West Third street line from Fortieth avenue west to Sixtieth avenue west, being the remainder of the line necessary to construct on Grand avenue, as required by the ordinance. Appellant having failed to comply with the resolution, this action was brought for the purpose of compelling it to do so.

The defense, in part, was upon the ground that until October 26, 1894, that part of Grand avenue which crossed private property, known as the "Wheeler Tract," was not graded or dedicated to the public as a street, for which reason that line was not constructed

in the time required by the ordinance; also that such line did not
run through the improved and inhabited part of the city, hence
that it was not necessary for the accommodation of the public.

The court found that the street was graded and opened to public
travel through the private tract by the owner of the property
more than sixty days prior to July 1, 1892, but that no right of
way had been acquired by the city until by deed of date October
26, 1894. The court also found that during the year 1896 appellant
constructed its line of railway westerly on Grand avenue as far as
Fortieth avenue west, and that public necessity required the com-
pletion of the line in question, viz., from Fortieth avenue west to
Sixtieth avenue west, and judgment was ordered accordingly.
This appeal is presented simply upon the findings of the court as
to whether they justified the judgment.

Appellant argues that from a fair and reasonable construction
of section 18 of the ordinance it was intended by the parties that
the proviso was not confined to the particular time within which
the line should be constructed; that, if any part of Grand avenue
over which the line was to be extended should not be graded
within sixty days prior to July 1, 1892, then appellant was ab-
solved from its obligation to at any time construct such line; that
the street was not graded or opened within the meaning of the
ordinance by the simple fact that the owner of the Wheeler tract
had himself graded and opened the street to public travel; that
the streets and avenues referred to in the ordinance contemplated
that they were to be streets and avenues which had been properly
dedicated and permanently opened, and in and to which the village
had acquired actual title. Again, that, if the court should hold
that the proviso was limited only to the time of construction, and
not to the right of construction, or that the private grading by the
owner of the Wheeler tract would have the same effect as though
the right of way had been acquired by the village, then relator is
not entitled to relief, for the reason that it had been guilty of
laches. Appellant further urges that relator has not pursued the
right remedy, and is not entitled to the writ of mandamus, for the
reason that the contract between the parties, as set forth in sec-

tion 3 of the ordinance, provides another and adequate remedy, which is conclusive between the parties.

1. It is very clear that the proviso as to the grading of the street within sixty days has reference to the time of construction, and was inserted for appellant's benefit, in order that it might not be required to build any part of its line at any time unless the village should have made at least sixty days' preparation therefor by grading its streets. That this is the correct interpretation is evident not only from the natural meaning of the words comprising the proviso, but also from the fact that the village had granted a valuable franchise for the period of forty years, and the only consideration upon which it was issued was that the company should extend its railway service as the public necessity required, and that it should construct two principal lines of railway connecting the then village with the city of Duluth, which was some five or six miles distant. It is evident that the village authorities had in mind not only the future control and regulation of the railway lines for the benefit of its inhabitants, but also that it should accomplish the immediate purpose of furnishing its citizens with transportation by means of the two lines mentioned in the ordinance. It is not reasonable that the village would thus explicitly provide for the accommodation of its citizens, and then surrender all, contingent upon such a condition. If it was the intention to limit the requirement to build the road to the time stated in the proviso, definite language would have been used directed clearly to the point.

2. Assuming that the street over the Wheeler tract had not been acquired by the public sixty days prior to July 1, 1892, so as to authorize the railway company to extend its line over that part of Grand avenue, and that such right of way was not acquired until October 26, 1894, we do not think relator guilty of laches in failing to take action to compel the building of the line until September 1, 1901. The circumstances were sufficient to excuse such delay, and appellant is not in a position to take any advantage thereof. In the first place, until 1896 appellant had not constructed its line from the main part of the city of Duluth westerly, and in

the natural course of developing its railway system it was not prepared to extend the line over the Wheeler tract. In the next place, from 1896 to 1899 the company was in the hands of a receiver, and presumably was not prepared, financially or otherwise, to make such an extension. It does not appear that appellant relied upon the fact of such delay by changing its plans, or extending some other line which would better accommodate the inhabitants of that part of the city. The duty imposed upon the company by the ordinance was a positive obligation, entered into by it in consideration of the granting of the franchise. It was not relieved of such duty by the mere fact that the public authorities had not before seen fit to exact its execution. Evidently the delay was by mutual consent, and for the benefit of the company.

3. We do not think the third section of the ordinance has any bearing upon the question before us. It has particular reference to the extending of lines otherwise than those mentioned in section 18, and it is not necessary for us to enter into a discussion as to the respective rights of the parties under that section.

Judgment affirmed.