STATE ex rel. BOARD OF COUNTY COMMISSIONERS OF JACKSON COUNTY v. P. D. McKELLAR.[1]

May 27, 1904.

Nos. 13,852—(159).

**Appeal.**

An order denying a motion in a mandamus case that the peremptory writ issue is not appealable.

**Same—Mandamus.**

The correct procedure to bring before this court for review the decision of the district court in a mandamus case indicated.

Alternative writ of mandamus issued from the district court for Jackson county requiring defendant as county auditor to extend upon the tax list a certain levy made by relator. From an order, Quinn, J., denying a motion for an order directing the issue of a peremptory writ, relator appealed. Dismissed.

*E. T. Smith,* County Attorney, and *Frank E. Putnam,* for appellant. *Somerville & Olsen* and *Janes & Miller,* for respondent.

START, C. J.[2]

The relator, the board of county commissioners of the county of Jackson, on July 14, 1903, purported to levy taxes on the taxable property of the county for revenue, road, bridge, and poor funds, respectively, and for county courthouse fund, the sum of $16,000. The defendant,

[1] Reported in 99 N. W. 807.
[2] DOUGLAS, J., having been of counsel, took no part.

as county auditor, entered and extended all of such taxes upon the tax lists of the county for the year 1903, except the tax for the courthouse fund, which he refused so to extend. On January 4, 1904, the defendant, as county auditor, delivered and turned over to the county treasurer such tax lists, with all state, county, school, municipal, and township taxes duly extended thereon, except that the tax for the courthouse fund was not entered on such tax lists. Thereupon, and on January 21, 1904, the relator sued out of the district court of the county of Jackson an alternative writ of mandamus, requiring the defendant, as county auditor, forthwith to enter and extend the tax of $16,000 upon such tax lists, or to show cause to the contrary.

The defendant appeared on the return day of the writ, and made return and answer thereto, wherein he alleged facts which, as he claims, justify the legal conclusion that the tax levy for the courthouse fund was illegal, and further alleged that he had neither the custody nor control of the tax lists, and that he was now without any authority or power to extend such tax. He afterwards made an amended return and answer, which is not here material. The relator then moved the court, upon the petition for the writ, the alternative writ, the return and answer, the amended return and answer, and the files and records of the court in this action, for an order directing a peremptory writ of mandamus to issue as prayed for. The grounds of the motion were:

> First. That the answer or return of said defendant and respondent to said petition and writ is insufficient in law to constitute a defense to the said petition and alternative writ of mandamus.
>
> Second. That said answer and return of said defendant and respondent made and filed in this action does not state facts sufficient to constitute a defense to the cause of action set forth in the petition herein, and in the alternative writ of mandamus herein, and are not sufficient, in law, to prevent the issuing of such peremptory writ.

The trial court made its order on March 2, 1904, whereby the relator's motion was in all things denied. The relator appealed from the order.

At the outstart the respondent insists that the order is not appealable, and urges that the appeal be dismissed. The procedure adopted by the

relator in this case is impliedly sustained and justified by several decisions of this court, but this is the first time, so far as we are advised, that the question whether such an order is appealable has ever been raised or passed upon in this court. It must be admitted that there is considerable uncertainty as to the correct procedure to be observed in bringing mandamus cases to this court for review.

In the case of State v. Webber, 31 Minn. 211, 17 N. W. 339, it was held that an order directing that a peremptory writ issue was appealable as a final order affecting a substantial right in a special proceeding. But in State v. Copeland, 74 Minn. 371, 77 N. W. 221, attention was called to the fact that the statute (G. S. 1894, §§ 5982, 5983) expressly provided for the entry of judgment in such cases from which an appeal would lie. It was accordingly held in that case that an order directing that a peremptory writ of mandamus issue was a judgment, though an irregular one; hence it was appealable as a judgment. Judged by the practical working of the rule thus laid down, it would now seem that it would have been better to have held that the order was simply one for a judgment, and therefore not appealable. It is to be observed, however, that an order directing that a peremptory writ issue, which is a termination of the litigation in the court making the order, is essentially different from an order denying a motion that such writ issue, which leaves the cause still pending, and in the precise condition that it was before the motion was made.

A reference to the mandamus cases reviewed in this court since the decision in the Copeland case will show that the practice as to taking an appeal in such cases is far from uniform.

The appeal was from the judgment in the following cases: State v. Minneapolis & St. L. R. Co., 76 Minn. 469, 79 N. W. 510; State v. Minor, 79 Minn. 201, 81 N. W. 912; State v. Minneapolis & St. L. R. Co., 80 Minn. 191, 83 N. W. 60; State v. Nichols, 83 Minn. 3, 85 N. W. 717; State v. Demann, 83 Minn. 331, 86 N. W. 352; State v. Johnson, 83 Minn. 496; 86 N. W. 610; State v. Probate Court of Ramsey Co., 84 Minn. 289, 87 N. W. 783; State v. Ames, 87 Minn. 23, 91 N. W. 18; State v. Rogers, 87 Minn. 130, 91 N. W. 430; State v. City Council of City of Minneapolis, 87 Minn. 156, 91 N. W. 298; State v. Minneapolis & St. L. R. Co., 87 Minn. 195, 91 N. W. 465; State v. Bazille, 87 Minn. 500, 92 N. W. 415; State v. Duluth St. Ry. Co., 88

Minn. 158, 92 N. W. 516; State v. Butler, 89 Minn. 220, 94 N. W. 688.

The appeal was from an order granting or denying a motion for a new trial in the cases following: State v. St. Paul & D. R. Co., 75 Minn. 473, 78 N. W. 87; State v. United States Exp. Co., 81 Minn. 87, 83 N. W. 465; State v. Butler, 81 Minn. 103, 83 N. W. 483; State v. Hynes, 82 Minn. 34, 84 N. W. 636; State v. Schram, 82 Minn. 420, 85 N. W. 155; State v. Chicago, St. P., M. & O. Ry. Co., 85 Minn. 416, 89 N. W. 1; State v. Schreiner, 86 Minn. 253, 90 N. W. 401; State v. Zimmerman, 86 Minn. 353, 90 N. W. 783; State v. McCardy, 87 Minn. 88, 91 N. W. 263; State v. Northern Pac. Ry. Co., 89 Minn. 363, 95 N. W. 297.

The appeal was from an order directing a peremptory writ to issue in the cases following: Drew v. Tifft, 79 Minn. 175, 81 N. W. 839; State v. Johnson, 77 Minn. 453, 80 N. W. 620; State v. Minnesota Transfer Ry. Co., 80 Minn. 108, 83 N. W. 32; State v. Board of Co. Commrs. of Renville Co., 83 Minn. 65, 85 N. W. 830; State v. Stratte, 83 Minn. 194, 86 N. W. 20; State v. Willmar & S. F. Ry. Co., 88 Minn. 448, 93 N. W. 112.

The appeal was from an order discharging the alternative writ and dismissing the proceedings in the cases following: State v. Halden, 75 Minn. 512, 78 N. W. 16; State v. Bazille, 81 Minn. 370, 84 N. W. 120.

The case of State v. Peltier, 86 Minn. 181, 90 N. W. 375, was an appeal from an order overruling a demurrer to petition and alternative writ.

The appeal was from an order denying a motion for a peremptory writ in the following cases: Lee v. City of Thief River Falls, 82 Minn. 88, 84 N. W. 654; State v. Smith, 84 Minn. 295, 87 N. W. 775; State v. McCubrey, 84 Minn. 439, 87 N. W. 1126.

The question whether the order was appealable was not raised by counsel or by the court in any of the cases cited, but the appeal was heard and determined on the merits.

From a consideration of the subject of appeals in mandamus cases as illustrated by the cases referred to, and the rules applicable to appeals generally, we conclude that the approved and correct procedure to bring before this court for review the decision of the district court in such cases is to appeal from the judgment or an order denying a motion

for a new trial, and, further, that an appeal from an order directing a peremptory writ of mandamus to issue can only be sustained by construing such an order as an irregular judgment. Or, in other words, that an appeal from such an order is irregular practice, which should not be encouraged.

It by no means follows that, because such an order or irregular judgment has been held to be appealable, an order is appealable which denies a motion, based upon the petition, alternative writ, and answer, that a peremptory writ issue. Such a motion is in effect a motion upon the pleadings for a judgment directing a peremptory writ to issue. The distinction between the two orders has been suggested. One is practically a final order. The other is not, for it leaves the action pending, and in the same condition it was before the motion was made.

Now, what is the character of the order appealed from in this case? It is essentially an order denying a motion for judgment on the pleadings that the peremptory writ issue. It is nothing more nor less, for the correct practice requires that a judgment must be entered before the writ can be issued. State v. Copeland, 74 Minn. 371, 77 N. W. 221. No appeal lies from an order denying a motion for judgment on the pleadings. McMahon v. Davidson, 12 Minn. 232 (357); St. Anthony Falls Bank v. Graham, 67 Minn. 318, 69 N. W. 1077.

Counsel for the relator, however, urges that the motion was in effect a demurrer; hence the order denying it was one overruling a demurrer and appealable. The same contention might be made with equal force in support of the proposition that an order denying a motion for judgment on the pleadings was appealable because it was in effect a demurrer. And yet the law is thoroughly settled that an appeal does not lie from such an order. It follows that the order appealed from in this case is not appealable.

Appeal dismissed.