COUNTY OF BELTRAMI v. COUNTY OF CLEARWATER.[1]

January 14, 1910.

Nos. 16,416—(214).

**Division of County — Existing Debt — Action by Parent County.**

The county of Clearwater was created from a portion of Beltrami county in 1902. The new county's share of the indebtedness of the parent county was approximately $23,958.58. Not all the indebtedness was due according to its terms. The parent county brought action for a money judgment in that sum, together with interest. Defendant's demurrer was sustained. It is *held*:

The statute provided for an equitable adjustment of indebtedness between the counties, and imposed on defendant a liability to pay the amount then due and interest on amounts not due until maturity, and then the principal. The statutes (R. L. 1905, §§ 4556, 4557) provide a certain means of enforcement of that obligation to the parent county by mandamus to levy an adequate tax. (See G. S. 1894, § 635.)

The statute, construed to effectuate, to eliminate indirection, and to avoid the anticipation of indebtedness admitted, but not yet due, is *held* to have provided mandamus as an exclusive and not as a cumulative remedy.

Action in the district court for Clearwater county to recover $23,-958.58. From an order, Stanton, J., sustaining defendant's demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action, plaintiff appealed. Affirmed.

The defendant and respondent, the county of Clearwater, was created from a portion of the territory originally comprising the plaintiff and appellant, the county of Beltrami, in November, 1902. At the time of the division the parent county had a floating debt of $53,204.58, and a net bonded indebtedness of $112,530.17—that is, $122,000 bonds outstanding, less $9,469.83 sinking fund—making a total indebtedness of $165,734.75. The value of the real property, as found by the appraisers, was $70,756.75, which amount, subtracted from the aforesaid total indebtedness, left a remaining

[1]Reported in 124 N. W. 372.

indebtedness of $94,798 to be discharged by the two counties jointly and proportionately according to the assessed valuation of each. Beltrami county has since discharged $65,204.58 of this joint obligation. The plaintiff county prayed judgment against the defendant county for an amount equal to defendant's proportionate share of the total joint obligation. This appeal was taken from an order sustaining defendant's demurrer.

*Chester McCusick,* for appellant.

*Oscar T. Stenvick, Marshall A. Spooner* and *Montreville J. Brown,* for respondent.

JAGGARD, J. (after stating the facts as above).

The principal question raised by the demurrer is whether the facts alleged in the complaint constitute a cause of action. As pointed out by the trial court, "the statute plainly provides for an equitable adjustment of the indebtedness between the counties." G. S. 1894, § 634. The new county was subjected to a proportionate share of the indebtedness of the county from which it was formed. This was approximately $23,958.58. It was required by law to pay only interest until maturity and then the principal. The effect of an immediate entry of judgment would be to anticipate some of that indebtedness; for it appears upon record that it was not all due at the time of the complaint. The statute provided certain means of enforcement, viz., by mandamus, to levy an adequate tax. R. L. 1905, §§ 4556, 4557; section 635, G. S. 1894.

The question then arises whether mandamus was the exclusive remedy available to the plaintiff county. The question has not been definitely decided by this court. In State v. Demann, 83 Minn. 331, 86 N. W. 352, the court says: "By the express terms of the statute the new county must act in obedience to the requirements providing for the manner of collecting its proportionate share of the taxes of the parent county. The statute directs the levy. * * * Nor does any liability attach to pay the money in any other way than that pointed out. * * * The law does not contemplate the satisfaction in any other manner than by an assessment upon the taxable property of the county; hence the failure to do so authorized

the mandate of the court to compel obedience to the law. Mandamus is the proper remedy." It is true that in Township of Canosia v. Township of Grand Lake, 80 Minn. 357, at page 360, 83 N. W. 346, at page 348, the court said: "We do not wish to be understood as saying that plaintiff was not entitled to judgment for defendant town's share of the amount already paid by it upon the debt, and it is possible that the respective liabilities of these towns could have been ascertained and determined; but plaintiff town was not entitled to recover a money judgment for the share which defendant town might and could finally be compelled to pay."

We are, however, of opinion, which is consistent with what was there held, and we think along the line of what was there said, that, notwithstanding the express reservation of the question therein contained, the remedy by mandamus was exclusive. If judgment were allowed to be entered, it would be enforced by mandamus. The statute is construed to effectuate by giving to the parent county the initial right to mandamus. The remedy was not designed to be merely cumulative, but to eliminate indirection, and to avoid anticipation in payment of indebtedness admitted, but not yet due. This was held to be the rule in Waupaca v. Town of Matteson, 79 Wis. 67, 48 N. W. 213. And see People v. Supervisors, 10 Wend. 363; High, Ex. Leg. Rem. § 369.

Affirmed.

O'BRIEN, J., took no part.