# IN RE ESTATE OF JOSEPH STAMPKA.[1]

July 23, 1926.

No. 25,300.

**Probate court order consenting to compounding of decedent's claim against insolvent debtor not invalid because interested persons in estate were not notified.**

An order of the probate court consenting to the compounding of a claim due from an insolvent debtor of the decedent is not invalid because the order was made without notice to the persons interested in the decedent's estate.

Appeal and Error, 3 C. J. p. 575 n. 62.
Executors and Administrators, 23 C. J. p. 1200 n. 35, 37 New.

The district court for Clay county granted a writ of certiorari upon petition of Jennie Stampka directed to James H. Sharp, judge of the probate court of that county, commanding him to make return of all the records, files and proceedings pertaining to Stampka's estate for review. The district court, Nye, J., vacated an order of the probate court consenting to the compromise of a claim against an insolvent bank in favor of the estate. The bank asked that the order be vacated and the bank and Judge Sharp appealed from a denial of the application. Reversed.

*N. B. Hanson* and *Oscar Hallam*, for appellants.
*James A. Garrity*, for respondent.

LEES, C.

Joseph Stampka died testate at Barnesville in this state in January, 1924. W. S. Lee was named as executor of the will, and qualified and took charge of the estate. Lee was an officer of the appellant bank. Stampka had deposited $4,000 in the bank, and $1,500 in the First National Bank of Barnesville. Lee transferred the last-mentioned deposit to the appellant bank. The doors of the bank were closed in July, 1924, and the State Superintendent of Banks

[1] Reported in 210 N. W. 85.

took possession. In 1925 the bank was reorganized. On the reorganization the stockholders paid a voluntary assessment of $100 on each share of stock, or a total of $25,000. Thereupon all the creditors of the bank agreed to accept 50 per cent of the amount of their claims and signed a reduction agreement to that effect. On May 6, 1925, Lee, as executor of Stampka's will, filed a petition in the probate court of Clay county, asking the court to permit him to sign the reduction agreement. On May 26, 1925, the court made an order granting the request on certain conditions, which were complied with, and Lee signed the agreement. On October 14, 1925, the respondent, who is the sole beneficiary named in Stampka's will, petitioned the district court of Clay county for a writ of certiorari directed to Judge Sharp of the probate court, commanding him to make return of all the records, files and proceedings pertaining to Stampka's estate, to the end that the order of May 26th might be reviewed. A writ was issued and Judge Sharp made return thereto. The writ was not directed to Lee or to the bank, and neither was notified of the proceeding.

On October 31st the district court entered an order vacating the order of the probate court on the ground that, when it was made, the court was without jurisdiction of the subject matter or of the parties. Judge Sharp appealed from this order. The bank then appeared specially and asked that the order of October 31st be vacated because the bank had not been made a party to the certiorari proceeding and had no notice thereof, and asked further that, if the application was denied, an opportunity be given to the bank to be heard on the merits respecting the validity of the order of May 26th. Before the application was disposed of, the respondent was allowed to amend her petition for the writ by inserting the name of the bank as a party. On February 12, 1926, an order denying the application was entered, and the bank and Judge Sharp both appealed therefrom.

Several questions of practice are raised in the brief of appellants. We think the order of the probate court of May 26, 1925, was not appealable. See G. S. 1923, § 8983. Ordinarily certiorari lies to

review a final order in a judicial proceeding if the order is one from which no appeal may be taken. The order of the probate court was made ex parte. If it was improvident or if the court abused its discretion in acting on the application of the executor without notice to the respondent, it would seem that respondent's remedy was to apply for the vacation of the order and for permission to be heard on the merits. If such an application had been made and denied, respondent might have had it reviewed on appeal. See subsection 8 of section 8983, G. S. 1923. It is doubtful whether certiorari was the proper mode of procedure. If it was proper, the failure to bring the bank into court was an irregularity which could hardly be overlooked, even though something seems to have been done in that direction at a later stage of the proceeding. The bank and not the probate court was the real party in interest. See State v. Probate Court, 67 Minn. 51, 55, 69 N. W. 609, 908.

But passing by these questions we think that on the merits the respondent should not have prevailed in the court below.

It is contended that the probate court was without jurisdiction to enter the order of May 26th without notice to respondent. The order was based on G. S. 1923, § 8798, reading as follows:

"When a debtor of a decedent is unable to pay his debts in full, the executor or administrator may, with the consent of the court, compound with such debtor on receipt of a fair and just dividend of his effects."

Section 8709, G. S. 1923, provides that, before proceeding to act, the probate court shall require notice to be given to all persons interested, in the cases specifically set forth, and concludes with these words: "In all other cases, unless in this chapter otherwise provided, such notice shall be given as the court may direct." Respondent contends that when the probate court is asked to consent to the compounding of a claim against a debtor of the decedent who is unable to pay his debts in full, it is the duty of the court, before acting, to cause notice to be given to persons interested in the estate, and that, in the absence of notice, the court has no authority to act. If this be true, the greater portion of § 8709 is meaningless. We

think the statute should be construed to mean that, in cases other than those enumerated, it is within the discretion of the court to direct that notice be given to interested parties before action is taken, or to proceed without notice. The statute contains a number of provisions which seem to authorize the probate court to enter ex parte orders. See G. S. 1923, § 8726, providing for the making of an allowance to the widow and children of the decedent out of his personal estate; § 8784, authorizing a special administrator, by leave of court, to sell personal property and take charge of and lease real property; §§ 8796 and 8797, authorizing the court, on petition, to set aside the homestead and assign the personal property allowed by law to the surviving spouse; § 8912, providing that leave of court must be procured to prosecute an action on a probate bond; and §§ 8916 and 8917, providing for the appointment of guardians for minors. The last mentioned provision was considered in State v. Bazille, 81 Minn. 370, 84 N. W. 120, and it was held that a guardian might be appointed either summarily and without notice to the relatives of the child, or after such notice as the court deemed it proper to give.

We hold that an order of the probate court consenting to the compounding of a claim due from an insolvent debtor to the decedent, made without notice to the persons interested in the estate, is not invalid because of the absence of such notice.

Order reversed.