STATE ex rel. JAMES EGAN v. JOHN N. SCHRAM.[1]

February 8, 1901.

Nos. 12,387—(209).

### Village Marshal.

Under the provisions of G. S. 1894, c. 10, a village council may appoint and discharge a village marshal by the mere vote of a majority on motion, and without the adoption of a regular ordinance, by-law, or resolution.

### Oath.

Such village marshal is a public officer, and as such must qualify by executing the oath prescribed by law.

### Services—Compensation.

The fact that such appointee actually performed services as such does not entitle him to the emoluments as a de facto officer.

Alternative writ of mandamus issued by the district court for Sibley county. The case was tried before Cadwell, J., who found that relator was entitled to the issuance of a peremptory writ. From an order denying a motion for a new trial, defendant appealed. Reversed.

*F. C. Irwin,* for appellant.

*W. H. Leeman,* for respondent.

LEWIS, J.

Mandamus proceedings to compel the president of the village of Green Isle to sign an order to one Egan for a month's salary as village marshal. Defense that Egan never was duly appointed, and never qualified by taking the oath. The issuance of a peremptory writ was ordered. From an order denying a motion for a new trial defendant appealed.

1. The record shows that the following proceedings took place in reference to Egan as marshal:

"The application of James Egan for the position of marshal of the village, at a salary of $35 per month, was presented, and

[1] Reported in 85 N. W. 155.

on motion such application was accepted, and Thomas Horan considered discharged; and James Egan was instructed to start at eight o'clock on the morning of April 3rd, 1900, and act as marshal of the village of Green Isle. * * * Lee, Tracy, and McMahon voted 'Yes,' and Mr. Schram, president, and Shaughnessy voted 'No.'"

Was this the proper proceeding to appoint the village marshal, or should it have been done by ordinance, rule, or by-law? G. S. 1894, § 1224, reads as follows:

"The president, the three trustees, and the recorder shall be the village council of said village, any three of whom shall constitute a quorum for the transaction of any business, and shall have full power and authority to enact, adopt, modify, enforce, and, from time to time, amend or repeal all such ordinances, rules, and by-laws as they shall deem expedient, for the following purposes, viz."

Under this section, following the "viz.," are twenty-nine heads or subdivisions, and the eighteenth reads as follows: "To choose a village marshal and to remove him at will, to prescribe his duties, and to fix his compensation for services."

Section 1267 provides how ordinances, rules, and by-laws shall be enacted. They are required to be published or posted, and it takes from one to two weeks. The twenty-eighth subdivision of section 1224 grants the power to ordain and establish such ordinances and by-laws as the village council may deem expedient for the government and good order of the village.

Considering section 1224 and its twenty-nine subdivisions together with the other provisions referred to, we are of the opinion that the selection and appointment of a village marshal was not intended to be included within that class of governmental regulations which should be established as a formal code of laws, by ordinance, resolution, or by-laws. The marshal is expressly made a creature of the council. He may be removed at will and without cause, and although the language of section 1224, in a general way, implies that the action of the council in reference to the village marshal may be taken by ordinance, yet the spirit and purpose of the whole chapter indicate that such method is not the exclusive one. The appointment of Egan was therefore valid; his

predecessor having been removed, and he having been selected by a majority of the members of the council.

2. The record shows that, although properly appointed village marshal, Egan never executed and filed the usual oath. Section 5634 requires that every person elected or appointed to any public office, whether executive, legislative, or judicial, all county and local officers, etc., shall, before entering upon the discharge of their official duties, take and subscribe an oath; and the question simply is whether the marshal is a village officer. Such an office is not mentioned in the list composing village officers as set forth in section 1219, and, being made by subdivision 18 of section 1224 a mere creature of the council, there is some ground for the argument that he is simply a hired man, who can be set to work at anything the council may choose, and that he does not rise to the dignity of even an officer of the peace. But, although the statute is silent as to his duties, yet the council shall prescribe his duties; and the term "marshal" has such a well-understood meaning, by common usage, those duties could only be prescribed for such officer by the council which are within the limits usually delegated to and discharged by a police officer or a village constable. The fact that the legislature has delegated to the village council the duty of defining his duties would not of itself deprive one holding the position of his standing as an officer of the village. We are of the opinion, therefore, that the village marshal created under chapter 10 is a village officer, and that as such he cannot qualify except by taking the oath of office as prescribed by section 5634.

3. It appears from the findings of the court that Egan entered upon the performance of the duties of the office immediately after his appointment, and performed the duties during the time for which he seeks to recover compensation. This brings up the question whether he is entitled to the emoluments as a de facto officer notwithstanding his failure to qualify. It is well settled that the acts of a de facto officer are valid as to strangers or as to the public, or as to third persons who have an interest in the acts done. In such cases the acts of the officer stand valid, in order that no one may suffer for a cause to which he

was in no sense a party. But this principle does not apply when the officer himself claims the benefit of his acts. The law declares that before he shall enter upon the duties of his office he shall take the oath. He has the whole matter under his exclusive control, and, if he fails to conform to the statute, he himself is responsible. It would do away entirely with the force of the statute to hold that the oath is waived simply because the officer proceeds to perform the services. We find no authorities upholding such a doctrine, and there are several well-considered cases holding the contrary. Riddle v. County, 7 Serg. & R. 386; City v. Given, 60 Pa. St. 136; Olney v. Pearce, 1 R. I. 292. See also 1 Dillon, Mun. Corp. § 215.

Order reversed.