STATE ex rel. DAVID WEBB v. OLE A. STRATTE.[1]

May 10, 1901.

Nos. 12,580—(58).

Clerk of School District.

A person elected to the office of clerk of a common-school district is required, under the provisions of G. S. 1894, § 3680, to file written acceptance of the office within ten days after his election and notice thereof, but he need not take and file his oath of office within said ten-day period. It is sufficient if he takes and files such oath within a reasonable time after his election, when no action has been taken looking towards filling the office by the appointment or election of another person.

Appeal by defendant from an order of the district court for Lac qui Parle county, Powers, J., directing the issue of a writ of peremptory mandamus requiring defendant to deliver to relator

1 Reported in 86 N. W. 20.

the books, files, and records belonging to the office of clerk of School District No. 3 in said county. Affirmed.

*Wellington Brown*, for appellant.

*A. W. Ewing*, for respondent.

COLLINS, J.

This appeal is from an order directing that a peremptory writ of mandamus issue, commanding respondent, Stratte, to deliver up to relator, Webb, all the books, files, papers, and records belonging to the office of clerk of a common-school district therein mentioned. The facts were that Stratte was clerk of the district for a number of years; his term of office expiring the last day of July, 1900. Laws 1899, c. 15, § 1. At the annual election held in that month, relator, Webb, was elected to the office. Within ten days after the election, and verbal notice thereof (G. S. 1894, § 3680), Webb filed his written acceptance of such office, but did not take an oath of office until September 10, 1900. Stratte then refused to recognize Webb as clerk, and declined to turn over the files and records belonging to the office, upon the ground that it was incumbent upon the latter to take and file his oath of office within ten days after he was elected and notified thereof,—in this particular case, on or before August 1.

It was incumbent upon Webb to take and file an oath of office, before he could enter upon the discharge of his official duties. G. S. 1894, § 5634; State v. Schram, 82 Minn. 420, 85 N. W. 155. It is also provided by G. S. 1894, § 892, subd. 6, that every office shall become vacant upon the failure, refusal, or neglect of an elected or appointed officer to take his oath of office and file the same "within the time prescribed by law." If, therefore, it was necessary for Webb to take and file the oath within ten days after his election and notification, his neglect amounted to a refusal to serve. It is a fact that the time within which the clerk of a school district must take or file his oath of office is not specifically prescribed. The sole statutory requirement is that he file his acceptance of such office within ten days after notice of his election, with a further provision that a failure so to do shall be deemed a refusal to serve. It is argued by respondent's counsel

that it was the evident intention of the legislature to require that all school-district officers should qualify and take the oath of office within ten days after notice of election. In the absence of an express provision of this character, we cannot so hold. The statute nowhere requires that the person elected to such office shall qualify within a prescribed number of days, although his term commences August 1, after election.

As a general rule, it is held that a failure to take the oath of office within the time specified by law does not ipso facto create a vacancy which will prevent an officer from qualifying thereafter, if it is done before any steps are taken to declare a vacancy, although the statute declares that the office shall become vacant on refusal or neglect to take the oath within the time prescribed. And in the case of People v. McKinney, 52 N. Y. 374, it was held that where no time is prescribed within which the oath of office may be taken, but the time of filing the bond is prescribed, the oath may be taken at any time before the office is forfeited by the neglect of the officer to execute his bond as required by statute.

Stratte, as the incumbent, would hold the office until his successor duly qualified. And it does not appear that any vacancy was declared or filled by the other members of the board. We are clearly of the opinion that Webb could take the oath and enter upon the discharge of his official duties within a reasonable time after filing his notice of acceptance, no action having been taken looking towards the filling of the office by the election of another person. In this particular case the oath was taken and filed within a reasonable time. It was the duty of Stratte to hand over and surrender up to Webb all books and papers belonging to the office. The will of the people should not be defeated by technicalities, and the court below was right when it ordered that a peremptory writ issue.

Order affirmed.