INDEPENDENT SCHOOL DISTRICT NO. 21 OF PINE COUNTY
v. INTEGRITY MUTUAL CASUALTY COMPANY.[1]

May 27, 1927.

No. 26,000.

**When director of independent school district is elected treasurer he need not take second oath of office.**

1. A director of an independent school district who has taken an oath of office need not take a second oath when chosen as treasurer by the members of the school board.

**When liability of school district was not discharged by payees of school warrants receiving their money.**

2. The treasurer deposited school funds to his credit in a bank of which he was an officer. School orders were presented to and paid by the bank and indorsed: "Not paid for want of funds." They were then sold and the money used by the bank in carrying on its business. Following Solway State Bank v. School District, 170 Minn. 83, 212 N. W. 25, it is held that the liability of the school district was not discharged when the payees of the orders received their money.

Schools and School Districts, 35 Cyc. p. 883 n. 6; p. 986 n. 47 New.

Defendant appealed from an order of the district court for Pine county, Stolberg, J., denying its alternative motion for judgment or a new trial. Affirmed.

*Tifft & Youngdahl,* for appellant.

*Lamson & Reinhold,* for respondent.

LEES, C.

This action was brought against the surety on the bond of the treasurer of an independent school district at Willow River. The bond became effective November 24, 1924, and continued in effect until November 24, 1925. It was conditioned for the faithful performance of the treasurer's official duties and was to become void

[1]Reported in 214 N. W. 258.

if he accounted for and paid over to the officer entitled to receive the same all money which came into his hands as school district treasurer. A verdict was directed in plaintiff's favor for the amount of the bond with interest. This is an appeal from an order denying defendant's motion for judgment notwithstanding the verdict or a new trial.

C. M. Erickson was treasurer of the school district from June, 1914, until August, 1925, when Joseph Bochek was chosen as his successor. Bochek was elected as a director of the school district in 1924 and took the usual oath of office. When he was made treasurer he gave bond but did not take another oath. Erickson was president and cashier of the local bank at Willow River. He deposited all school funds in the bank to his credit as treasurer. The payees of school district orders would present them at the bank for payment and receive cash or credit on the payee's account with the bank. The bank treated most of the orders as part of its assets and carried them either as bills receivable or securities belonging to the bank or as cash items. Erickson stamped on most of the orders the words: "Not paid for want of funds," and sold many of them to banks in adjoining towns. Later his bank would either remit the amount of the orders to the purchasing bank or substitute others in lieu thereof. When he took up orders sold to other banks he charged them against his account in his bank as school treasurer. No one in the bank had authority from him to pay orders or charge them against his account unless he told them to do so.

During the entire period covered by the bond, Erickson's account with the bank showed a credit balance. When Bochek became treasurer the balance was over $22,000. There is no evidence that Erickson embezzled any of the funds of the school district. The evidence shows that he kept the funds for the use of the bank instead of disbursing them in payment of the orders. The bank was closed in June, 1925. Many school orders were then in the hands of banks which had purchased them in the manner above mentioned.

Bochek has assumed and is discharging the duties of treasurer, Erickson ceasing to perform them, recognizing Bochek as his suc-

cessor, and offering to turn over to him about $600, which was all the money of the school district he could get from the bank.

, Two points are raised in appellant's brief: The first, that because of Bochek's failure to take an oath as treasurer he never became entitled to hold that office or to receive the funds of the district; and the second, that no breach of the conditions of the bond was shown.

1. Section 6963, G. S. 1923, provides that every person elected or appointed to public office, including every member of any public board, shall take and subscribe the oath prescribed by § 8, art. 5, of the constitution, before transacting any of the business or exercising any of the privileges of the office. This provision was considered in State ex rel. Webb v. Stratte, 83 Minn. 194, 86 N. W. 20, and State ex rel. Egan v. Schram, 82 Minn. 420, 85 N. W. 155, but neither case touches the precise point under consideration here.

Section 2806, G. S. 1923, provides that in independent school districts the school board shall consist of six directors, elected by the voters.

Section 2807, G. S. 1923, provides that at its annual meeting in August the board shall organize by choosing a chairman, a clerk, and a treasurer.

Section 2813, G. S. 1923, provides that all persons elected or appointed district officers shall file an acceptance of the office and an official oath, or be deemed to have refused to serve.

In common school districts the board consists of a chairman, a treasurer, and a clerk, elected by the voters, whereas in independent districts the board consists of six directors elected by the voters, and the chairman, clerk, and treasurer of the board are chosen by the directors themselves. See §§ 2805, 2806, G. S. 1923; L. 1925, p. 114, c. 124.

In view of these provisions, we think it fairly clear that in independent districts, when a director takes the prescribed oath, he need not take a second oath when chosen as chairman, clerk, or treasurer. When a director is chosen as treasurer, he has added duties to perform. He may be compared to the chairman of a county board,

the president of a city council, or a public officer who serves ex officio on a board or commission. It has not been thought that such officers must take a new oath before they are qualified to serve. We hold that Bochek's oath of office as a director was the only one necessary to entitle him to act as treasurer.

2. The appellant insists that when the bank paid the school orders presented by the payees, the liability of the school district was discharged; that in legal effect the orders were presented to the treasurer of the school district and paid by him as treasurer.

This contention cannot be sustained. The record shows beyond any question that money received by the payees was taken from the funds of the bank. The funds of the school district were not kept separate from those of the bank. There was no special deposit. The funds of the district were mingled with those of all other depositors. The school district was a creditor of the bank. When the bank paid an order the legal effect was the same as if it had paid a check drawn by one of its depositors.

The school orders were handled in much the same way as in Solway State Bank v. School District, 170 Minn. 83, 212 N. W. 25. There the orders were not indorsed "Not paid for want of funds" either before or after they were cashed by the bank, and the treasurer did not keep the funds on deposit, as here, but embezzled them. But the underlying principle is the same in both cases. In each the bank intended to purchase the orders and in neither did the treasurer intend that the bank should pay them for the school district unless he so directed. In the present case it is undisputed that the bank paid the orders with money taken from its till or gave credit on its books to the payees thereof and then carried the orders as cash or bills receivable, and that when it sold them the cash received was credited to the bank and not to the school district.

Order affirmed.