JOHN ZALESKY v. CONSOLIDATED SCHOOL DISTRICT
NO. 21, PINE COUNTY.[1]

July 6, 1928.

No. 26,754.

**When purchaser of school warrants cashed with bank funds may recover
on them from school district.**
    The treasurer of a school district was managing officer of a bank in
which he deposited the funds of the district to his credit as treasurer.
He had funds of the district with which he ought to have paid the
warrants of the district, but he cashed them with funds of the bank
and thereafter sold them as property of the bank. *Held* that the
holder is entitled to recover thereon from the district.

Schools and School Districts, 35 Cyc. p. 987 n. 59.

Defendant appealed from a judgment for $3,171.55 of the district
court for Pine county, Stolberg, J. entered in favor of plaintiff.
Affirmed.

    *Daly & Barnard,* for appellant.
    *Moritz Heim* and *Michael B. Hurley,* for respondent.

TAYLOR, C.
Plaintiff brought suit to recover the amount of 29 school district
warrants issued by defendant upon its treasurer. Defendant ad-
mitted the issuance and validity of the warrants, but asserted that
they had been paid. The court made findings of fact and conclu-
sions of law and rendered judgment for plaintiff. Defendant ap-
pealed.
    C. M. Erickson was the treasurer of the school district during
the time in which the transactions in question took place and was
also the president and managing officer of the State Bank of Willow
River. He maintained his office as treasurer of the district and
as managing officer of the bank in the banking rooms of the bank.
The bank had not been designated as a depository for the funds of

[1]Reported in 220 N. W. 428.

the district, but Erickson deposited them therein to his credit as treasurer. The bank was closed and put in liquidation by the state banking department on June 24, 1925. At the time it was closed Erickson had $22,693.95 on deposit therein to his credit as treasurer of the school district. An action by the district to recover the amount of this deposit from his surety is reported in 171 Minn. 376, 214 N. W. 258, where a further statement of facts may be found.

The warrants in question were presented at the bank by the payees and were either paid by Erickson or the cashier out of the funds of the bank or credited to the checking account of the payee. None of them were charged against the account of Erickson as treasurer of the school district. Each bears an indorsement signed by Erickson as treasurer that it was presented for payment and was not paid for want of funds. Thereafter Erickson sold them to plaintiff for their face value as the property of the bank, and plaintiff is still the owner and holder of them.

Defendant contends that as Erickson as treasurer of the district had sufficient funds of the district to pay these warrants when presented it was his duty to pay them; and that his action in cashing them for the payees should be given effect as a payment of them by the district. It was unquestionably his duty to pay them; and there would be force in the argument that they should be deemed to have been paid if he had used the funds of the district in cashing them. But he did not. His account as treasurer remained intact. None of the funds of the district were used in acquiring them. They were acquired with the funds of the bank, were held as the property of the bank, and were sold to plaintiff for full value by the bank. The question presented was determined in the action brought by the district against Erickson and his surety, Independent School Dist. No. 21 v. Integrity Mut. Cas. Co. 171 Minn. 376, 214 N. W. 258, in which it was held that these transactions did not constitute a payment of the warrants by the district, and that Erickson and his surety were not entitled to any deduction on account thereof in determining the amount for which they were liable to the district. See also Solway State Bank v. School District

No. 26, 170 Minn. 83, 212 N. W. 25. Four of the orders bear a receipt by the payee that he received payment thereof from Erickson as treasurer. This indorsement is merely an item of evidence. It is conceded that in fact these warrants were handled in the same manner as the others, and they are therefore governed by the same rule.

Judgment affirmed.