# FIRST NATIONAL BANK IN WADENA v. SCHOOL DISTRICT NO. 272, OTTER TAIL COUNTY.[1]

March 22, 1929.

No. 27,201.

*Frankberg, Berghuis & Frankberg,* for appellant.
*Mark & Barron, Hugh G. Parker* and *N. F. Field,* for respondent.

TAYLOR, C.

Appeal by defendant from a judgment for the amount of 51 school district warrants issued by defendant.

One H. J. Baker was cashier of the Farmers State Bank of Richville, a small village in Otter Tail county, and managed and conducted all its business affairs. He was also treasurer of defendant and treasurer of the village. He carried an account in the bank as treasurer of defendant; another as treasurer of the village; another as an individual; and another designated as a trust account.

[1]Reported in 224 N. W. 251.

He states that in this last account he carried the transactions of the bank relating to real estate. During the entire period involved herein, defendant had ample funds in the hands of Baker as its treasurer to pay all warrants issued by it, and Baker correctly credited these funds to himself as treasurer on the books of the bank. Warrants issued by defendant were accepted and paid by the bank over the counter out of its own funds the same as checks. Baker then indorsed them as having been presented to him as treasurer and not paid for want of funds, and entered them on the books of the bank as bills receivable or had them so entered. They were carried in this manner as assets of the bank and were not charged against Baker's account as treasurer. At times Baker deposited some of these warrants in other banks as collateral security for loans to the bank and at times sold some of them to other banks. On May 14, 1926, he sold and delivered to plaintiff the 51 warrants in question as the property of the bank, and plaintiff paid to the bank therefor the full face value of the orders together with the accrued interest thereon. On August 2, 1926, the bank was closed and placed in liquidation by the state banking department.

In the book kept by Baker as treasurer of the district he entered the warrants as paid on the date they were presented at the bank. At the annual meetings of the school board, Baker presented his treasurer's book, which showed that all warrants issued by the district had been paid and which was always found to check exactly with the records of the district clerk. He never presented the warrants at their meetings however and, when asked concerning them by other members of the board, passed over the matter by saying that he had the warrants in his vault at the bank or would get them; and the other officers took his word for it.

When the banking department took possession of the bank, Baker's doings and deceptions were disclosed. The account of the district was the largest in the bank, and Baker apparently had kept the bank running for a considerable time by making use of the money of the district. While he did not charge the warrants to his account as treasurer of the district as that would have reduced the book

assets of the bank, he from time to time transferred amounts from that account to his personal account, to the village account, to the so-called trust account, and perhaps to other accounts. He states that this was a mere matter of bookkeeping and did not result in any actual change. He also issued certificates of deposit for several thousand dollars, which he charged to his account as district treasurer and which he kept in the bank so that they could be used or credited back whenever he found it desirable to do so. He states that he issued these certificates for the purpose of reducing the reserve which the bank was required to keep, as the amount required against certificates of deposit was less than the amount required against checking accounts.

When plaintiff rested defendant made a motion to dismiss, which was denied. Defendant insists that the evidence which had then been presented was not sufficient to sustain a recovery and that the ruling was error. This court considers the evidence as it stands at the close of the case. If the evidence as finally completed justifies a recovery, it would be an unwarranted perversion of the functions of a court to reverse because the evidence may have been insufficient at some prior stage of the trial.

Defendant's claim that the warrants were improperly admitted in evidence is without merit. The issuance and validity of the warrants was admitted in the answer, and any claim that they had been paid or otherwise annulled was matter of defense. There is also no need to consider defendant's claim that the deputy examiner in charge of the liquidation of the bank was erroneously permitted to testify as to the manner in which the orders had been handled in the bank, for the manner in which they were handled was clearly shown by the records and by testimony of unquestioned competency subsequently received.

A receipt acknowledging payment was printed on the face of the warrants. On some of those in question the payee or indorsee had signed this receipt; on others he had indorsed his name on the back. Defendant contends that under the rule applied in Solway State Bank v. School District No. 26, 170 Minn. 83, 212 N. W. 25, plaintiff is not entitled to recover upon the receipted warrants.

In that case as in this the manager of the bank was treasurer of the district; but in that case he kept no account in the bank as treasurer and credited the funds of the district to his personal account, and none of the warrants there involved were indorsed as presented to the treasurer and not paid for want of funds. The bank was closed as insolvent, and the action was by the commissioner of banks to recover upon the warrants as the property of the bank. That case simply held that where the commissioner produced a warrant receipted upon its face as paid and not indorsed by the treasurer as not paid, the mere production of the warrant without more was not of itself sufficient to establish a right to recover thereon.

In the present case the warrants were certified by the treasurer as having been presented and not paid for want of funds, and it also appeared that they were paid for with the funds of the bank and were sold to plaintiff as the property of the bank. It is true that Baker as treasurer had sufficient funds of the district to pay these warrants and that he made a wrongful use of such funds; but it is also true that the purchase price of the warrants was not charged to his account as treasurer, but was taken from the money of the bank and charged to bills receivable. The case falls within the principle of Independent School Dist. No. 21 v. Integrity Mut. Cas. Co. 171 Minn. 376, 214 N. W. 258; and Zalesky v. Consol. School Dist. No. 21, 175 Minn. 166, 220 N. W. 428. As said in the first of these cases [171 Minn. 379]:

"The funds of the school district were not kept separate from those of the bank. There was no special deposit. The funds of the district were mingled with those of all other depositors. The school district was a creditor of the bank. When the bank paid an order the legal effect was the same as if it had paid a check drawn by one of its depositors."

As Baker cashed the warrants with the funds of the bank and not with those of the district, the claim of payment by the district cannot be sustained.

Defendant contends that if these warrants were still held by the Richville bank defendant would have a valid defense against them on the ground of estoppel, or equitable set-off, or breach of trust; and, as they are not negotiable instruments, that it is entitled to assert the same defenses against plaintiff. We have 'no occasion to determine whether equitable defenses available against the Richville bank are also available against plaintiff, for the court found against defendant on the facts as to all the equitable defenses asserted, and the court could properly so find from the evidence.

Judgment affirmed.