LEWIS, Respondent, v. RUTLAND INDEPENDENT CON-
SOLIDATED SCHOOL DISTRICT NO. 3 OF LAKE
COUNTY, Appellant.

(244 N. W. 102.)

(File No. 7147. Opinion filed August 30, 1932.)

*Ira F. Blewitt,* of Madison, and *Sterling, Clark & Grigsby,* of
Redfield, for Appellant.

*Lewis Benson,* of Huron, and *Rice & Rice,* of Flandreau, for
Respondent.

ROBERTS, J. Plaintiff instituted this action to recover the
amount of eight school warrants issued by the defendant school
district upon its treasurer. The court made findings of fact and
conclusions of law and rendered judgment for plaintiff. The de-
fendant has appealed.

One Carl H. Norberg was the treasurer of the defendant
school district from the time of its organization in 1920 to July 1,

1926, and from March 20, 1920, to January 1, 1926, he was also the cashier and managing officer of the Farmers' Savings Bank of Rutland, which was the designated depository for the funds of the defendant district.

Plaintiff began purchasing warrants, which had been issued by the defendant district, in September, 1924, and prior to March, 1926, had acquired a large number of small warrants aggregating more than $9,000. The payees of these warrants had presented them at the Farmers' Savings Bank of Rutland and received cash thereon out of funds of the bank. These warrants were not charged to the account of Norberg as treasurer of the school district. Each warrant bears the indorsement of Norberg as treasurer that it had been presented for payment and was not paid for want of funds. The warrants in question were thereafter carried by the bank as its property and assets until they were transferred to the plaintiff.

The defendant district in the year of its organization and in the following year issued bonds for the construction of school buildings. The amount of $12,000 of the principal of such bonds became due on January 1, 1926. For the purpose of paying such installment two warrants were issued by the officers of the defendant district, one dated December 23, 1925, for the sum of $5,000, and the other dated December 31, 1925, for the sum of $7,000. The two warrants were made payable to the Farmers' Savings Bank of Rutland and recited that they were issued for the purpose of paying bonds due January 1, 1926. This installment of $12,000 was paid out of the funds of the Rutland Bank through its correspondent, the First National Bank of Minneapolis. The two warrants were indorsed by Norberg as having been presented for payment and payment refused for want of funds and were carried as cash items of the bank until they were transferred to the plaintiff.

In March, 1926, the Farmers' Savings Bank of Rutland transferred these two warrants to the plaintiff, who in payment thereof surrendered to the bank the various small warrants which he possessed and paid in cash $2,467.23, the difference between the amount of the two large warrants and that of the small warrants. The remaining six warrants were acquired by the plaintiff after the

exchange in March, 1926. They were issued by the defendant district upon authorized claims against the district, paid out of funds of the Farmers' Savings Bank of Rutland, indorsed by Norberg as having been presented and payment refused for want of funds, and thereafter transferred for consideration to the plaintiff.

When Carl H. Norberg resigned as treasurer of defendant district, J. W. Woldt was appointed and qualified as his successor. Woldt as treasurer continued to deposit the funds of the district in the Farmers' Savings Bank, and on March 25, 1927, when the bank was taken over by the superintendent of banks for the purposes of liquidation, there was on deposit to the credit of the district $17,626.81, for which amount proof of claim was made and allowed.

The answer denies generally the allegations of the complaint. It alleges that the indorsement on each of the warrants that the same was presented and not paid for want of funds was false and placed upon the warrant without authority; that the district had in its treasury and in the custody of Carl H. Norberg sufficient funds belonging to the district to pay the warrants, and that they were, the defendant is informed and believes, paid out of funds belonging to the district in the Farmers' Savings Bank of Rutland, and thereafter were falsely and fraudulently sold by the Farmers' Savings Bank for the sole purpose of procuring funds for the bank, the same being in financial distress, if not insolvent. Defendant also interposed a counterclaim to each of the causes of action stated in the complaint. It is alleged that when each of the warrants was presented to the treasurer of the school district there was money far in excess of the amount necessary to pay the warrants in the custody of the treasurer; that with full knowledge of the bank the defendant district by the issuance of the warrants in question had authorized and directed the treasurer to use the funds on deposit for the payment of the warrants; and that the amount due on each of the warrants was due and owing from the bank to the school district at the time the warrant was presented and at the time it was indorsed as presented and not paid for want of funds.

The principal contention of the defendant is that when the original holders of the warrants received the amounts of money

specified therein the warrants were paid, and the treasurer had no authority to reissue the warrants. The undisputed evidence shows that on the 23d day of December, 1925, at the time the warrant for $5,000 was issued and on the date that the treasurer marked it "not paid for want of funds," Carl H. Norberg had in his account as the treasurer of the district in the Rutland bank the sum of $28,099.38, and on the 29th day of December, 1925, when the $7,000 warrant was issued, and on the 31st day of December, 1925, when the warrant was indorsed "not paid for want of funds," there was in excess of $23,000 in the account of the treasurer. It is likewise true with respect to the other six warrants that there was to the credit of the school treasurer an amount more than sufficient to pay the warrants when they were acquired by the bank, presented to the treasurer and indorsed by him "not paid for want of funds."

It is conceded by the parties that school warrants, while they are negotiable in the sense that they are transferable by delivery or by indorsement and delivery, are not negotiable to the extent that a transfer to a bona fide purchaser precludes evidence of their invalidity or defenses available against the original payees or prior holders.

 The evidence clearly shows that the original holders of the warrants were paid from the funds of the bank. If the funds of the district were used, there would be merit in the argument of the appellant that the warrants were actually paid. The record shows and the trial court so found, that the warrants were acquired by the bank by the investment of its own funds and were carried as the assets of the bank until they were transferred to the plaintiff for value. This did not constitute payment of the warrants by the district. Solway St. Bk. v. School Dist., 170 Minn. 83, 212 N. W. 25; Ind. School Dist. No. 21 v. Integrity Mut. Cas. Co., 171 Minn. 376, 214 N. W. 258; Zalesky v. Consol. School Dist., 175 Minn. 166, 220 N. W. 428. The records of the Rutland bank disclose that when the bond installment of $12,000 was paid the account of Norberg as treasurer was debited with this amount. This account was credited with the amount of the warrants for $5,000 and $7,000. These warrants were not charged against the account of Norberg as treasurer of the defendant school district,

and the debit of the amount of bond installment and the credit of an equal amount of the two warrants made no change in the account.

Defendant contends that it would have the right of set-off if these warrants were still in the possession of the bank, and that the defense is available against the plaintiff. There is no evidence of misappropriation of the funds of the district for the benefit of the bank. The relationship of debtor and creditor existed between the school district and the bank, and prior to the failure of the bank the account did not mature for the reason that no demand for payment was made by the school district. A defendant can only plead as a set-off or counterclaim a claim upon which at the commencement of the action the defendant could have maintained an independent action against the plaintiff. Section 2354, Rev. Code 1919; McKinney v. Sundback, 3 S. D. 106, 52 N. W. 322; Kirby v. Jameson, 9 S. D. 8, 67 N. W. 854. Conceding that the failure of the bank gave rise immediately to a matured liability of the Rutland bank to the defendant school district, we are of the view that the defendant cannot avail itself of such claim as a set-off. Under the findings of the court which are amply sustained by the evidence the defendant district had notice of the transfer of the warrants by the bank to the plaintiff and this information came to the notice of the defendant district prior to the closing of the bank. There was no matured liability of the Rutland bank to the defendant district existing at the time of or before notice of the transfer of the warrants to the plaintiff, and the defendant was not entitled to a set-off. Section 2307, Rev. Code 1919.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY, WARREN, and RUDOLPH, JJ., concur.